# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY BETHEA, CDC #E-57004,<br><br>                              Plaintiff,<br><br>vs.<br><br>GEORGE GIURBINO, Warden; R.W. FOX, Program Lieutenant; S.D. KHATRI, Acting Chief Medical Officer; and M.N. BROWN, Correctional Counselor I,<br><br>                              Defendants. | Civil No.   06-1184 DMS (CAB)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a) [Doc. No. 2];**<br><br>**AND**<br><br>**DENYING PLAINTIFF'S REQUEST FOR U.S. MARSHAL SERVICE WITHOUT PREJUDICE AS PREMATURE [Doc. No. 5]** |

Plaintiff, an inmate currently incarcerated at Centinela State Prison ("CEN") in Imperial, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that various CEN officials violated his Eighth and Fourteenth Amendment rights in August and September 2005 by refusing to honor his doctor's orders and filing disciplinary charges against him for failing to work. (*See* Compl. ¶¶ 3-11.) Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a), but has instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], as well as a Request for U.S. Marshal Service [Doc. No. 5].

# I.

## MOTION TO PROCEED IFP

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP in this matter pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D.CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action ...without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added). Without Plaintiff's trust account statement, the Court is simply unable to assess the appropriate amount of the filing fee

///

required to initiate this action.  *See* 28 U.S.C. § 1915(b)(1).  Therefore, Plaintiff's Motion to Proceed IFP [Doc. No. 2] must be DENIED.

## II.

### REQUEST FOR U.S. MARSHAL SERVICE

Plaintiff has also filed a Request for U.S. Marshal Service [Doc. No. 5].  The Court may order the United States Marshal to serve the summons and complaint on a plaintiff's behalf pursuant to FED.R.CIV.P. 4(c)(2) and 28 U.S.C. § 1915(d), but only in cases where the prisoner-plaintiff has been *granted* leave to proceed IFP and the Court has found the allegations in the complaint sufficient to survive the mandatory screening provisions of 28 U.S.C. § 1915(e)(2) and § 1915A(b).  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (discussing screening requirements in § 1915A); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

Thus, because the Court has denied Plaintiff's Motion for IFP, and has yet to screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), his request for Marshal service must be DENIED without prejudice as premature.  If Plaintiff files a supplemental Motion to Proceed IFP and provides the Court with the trust account statements required by 28 U.S.C. § 1915(a)(2), he is granted leave to proceed IFP, and his Complaint survives screening, the Court will thereafter direct the "officers of the court [to] issue and serve all process."  FED.R.CIV.P. 4(c)(2) (providing that  initial service of summons and complaint may "be effected by a United States Marshal, [or] deputy United States Marshal," and that "such an appointment must be made *when the plaintiff is authorized to proceed IFP* pursuant to 28 U.S.C. § 1915.") (emphasis added).

/ / /

/ / /

/ / /

## III.

### CONCLUSION AND ORDER

For all the reasons set forth above, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED**; and

(2) Plaintiff's Request for U.S. Marshal Service [Doc. No. 5] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a). Plaintiff if further **GRANTED** forty five (45) days from the date this Order is stamped "Filed" to either: (1) pay the entire $350 filing fee, **or** (2) file the attached Supplemental Motion to Proceed IFP, which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter. If Plaintiff neither pays the $350 filing fee in full or sufficiently completes and files the attached Motion to Proceed IFP within 45 days, this action shall remained closed without further Order of the Court.

**IT IS SO ORDERED.**

DATED: September 13, 2006

_____
HON. DANA M. SABRAW
United States District Judge